## In re WINSTAR COMMUNICATIONS, et al., Debtor.

### BEA Systems Inc., Appellants,

### v.

### Christine C. Shubert, Chapter 7 Trustee for Winstar Communications, Inc., et al., Appellee.

### Bankruptcy No. 01–1430–JBR.
### Civ.A. No. 04–0012–JJF.

United States District Court, D. Delaware.

Sept. 30, 2004.

William F. Taylor, Jr., Katherine L. Mayer, McCarter & English, LLP, Wilmington, DE, of counsel: Eduardo J. Glas, McCarter & English, LLP, Newark, NJ, for Appellant.

Sheldon K. Rennie, Fox Rothschild LLP, Wilmington, DE, of counsel: Michael G. Menkowitz, Fox Rothschild LLP, Philadelphia, PA, Richard G. Smolev, Kaye Scholer LLP, New York City, for Appellee.

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellant, BEA Systems Inc. ("BEA") from the November 14, 2003 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying BEA's motion to lift the stay to permit the exercise of setoff rights pursuant to Section 553 of the Bankruptcy Code and compelling turnover of property of the Debtor's Estate. For the reasons discussed, the Court will affirm the decision of the Bankruptcy Court.

## I. THE PARTIES' CONTENTIONS

In moving for relief from the stay in the Bankruptcy Court, BEA sought to offset a sales tax refund that BEA received from the Commonwealth of Virginia and owed to the Debtor, Winstar Communications, Inc. and its affiliates (the "Debtor" or "Winstar"), against the Debtor's prepetition debt owed to BEA. The Debtors' prepetition debt owed to BEA stems from an invoice sent by BEA to the Debtor for Support Services pursuant to a three year Software Licence Agreement between the Debtor and BEA. The Debtor never paid the invoice. In addition, the Debtor maintained a prepetition claim against BEA in connection with another sale of software and support maintenance in which the Debtor paid sales tax to BEA in the amount of $350,437.50 even though the Debtor was exempt from the sales tax in Virginia. BEA filed an amended tax return with the State of Virginia and received a refund of the amount owed plus interest for a total of $437,963.26. BEA contends that the Bankruptcy Court erred denying its Motion For Relief From Stay And To Allow Exercise Of Setoff Rights by holding that the debts did not satisfy the mutuality requirement under Section 553, because BEA received and held the tax refund in an agency capacity and not individually. In support of its argument, BEA directs the Court to several Virginia sales tax statutes and contends that these

statutes and the statutory scheme taken as a whole demonstrate that BEA can either refund the sales tax to the purchaser or credit it to his account, and therefore, the dealer or vendor has an individual obligation vis-a-vis the purchaser.

In response, the Trustee [1] on behalf of Winstar contends that the applicable Virginia tax law makes it clear that vendors like BEA collect and refund tax as an agent for the State of Virginia. Pointing to additional sections of Virginia's tax code and portions of Virginia's Administrative Code, the Trustee contends that the purchaser must provide a certificate of tax exemption to obtain a refund and that a writing is required indicating the purchaser's willingness to await payment of the refund from the vendor until the refund is issued by Virginia. The Trustee contends that the purpose of these provisions is to ensure that any refund is ultimately returned to the vendor's customer. Thus, the Trustee maintains that BEA could not have obtained a refund in its individual capacity, but only as an agent of Virginia or Winstar, holding the refund in trust for the State of Virginia until it could be passed on to the customer that overpaid the taxes. The Trustee also directs the Court to various letters sent to BEA which demonstrate that the Debtor was authorizing BEA to obtain the refund on its behalf. Essentially, the Trustee contends that BEA was merely a conduit for the tax refund in that BEA was acting as an agent of the Trustee and an agent of the state of Virginia for the purposes of obtaining the refund and returning that refund to the customer, Winstar.

## II. STANDARD OF REVIEW

▆▆▆ The Court has jurisdiction to hear an appeal from the Bankruptcy Court

pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup,* 281 F.3d 133, 136 (3d Cir.2002).

## III. DISCUSSION

▆▆▆ Reviewing the decision of the Bankruptcy Court in light of the applicable law, the Court concludes that the Bankruptcy Court correctly concluded that there was no mutuality of obligation between the debt owed by BEA to the Debtor by virtue of the overpaid taxes, and the claim by BEA against the Debtor as a result of the sale of software. To establish its right to setoff under Section 553 of the Bankruptcy Code, the creditor must show mutuality of obligation. *Michigan Consol. Gas Co. v. Fred Sanders Co (In re Fred Sanders),* 33 B.R. 310, 311 (Bankr.

1. The Debtor's Chapter 11 case was converted to a liquidation under Chapter 7 of the Bank-   ruptcy Code in January 2002.

E.D.Mich.1983) (citations omitted). "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." *Id.*

The Court agrees with the Bankruptcy Court's conclusion that BEA received the tax refund in an agency capacity and not in its individual capacity. As the Bankruptcy Court correctly noted, the Virginia Statute on tax collection provides that "all sums collected by a dealer ... shall be deemed to be held in trust for the Commonwealth." Va.Code Ann. § 58.1–625. BEA contends that an agency relationship is not created for refunds and that the Virginia tax laws expressly give the vendor the right to credit the Debtor's account. The Court is not persuaded by BEA's argument. As the Virginia Code and Administrative Rulings demonstrate, BEA would not have been entitled to a refund unless Winstar, as purchaser of the goods for which the sales tax was paid, executed a certificate of tax exemption and a writing indicating its willingness to await payment of the refund from the vendor until the refund was issued by the State of Virginia. Va.Code Ann. § 58.1–623, 23 VAC § 10–210–3040. In the Court's view, these sections further demonstrate that it is the State of Virginia who is the party that owes the refund to the customer, and the vendor is merely a conduit or agent of the state through which the refund passes to the customer. Further, it is evident to the Court from the correspondence between the parties that BEA was acting as an agent of Winstar in applying for the refund initially, and not in its individual capacity. (D.I. A–7–10).

BEA directs the Court to two cases holding that a creditor has a right to setoff tax refunds owed by the state to the debtor against a claim held by a creditor against the debtor. *See In re Fred Sanders,* 33 B.R. at 311–312; *Anderson–Smith & Assoc., Inc. v. Xyplex, Inc. (In the Matter of Anderson–Smith & Assoc., Inc.),* 188 B.R. 679, 689 (Bankr.N.D.Ala.1995). The Court has reviewed these cases and is not persuaded by their analysis. In *Fred Sanders Company,* the court did not address the mutuality question at issue here. Rather, the court only considered the debtor's argument that the claims were not mutual because the amount of the refund was not determined until after the filing of the chapter 11 case. 33 B.R. at 311–312. In *Anderson–Smith,* the court discussed mutuality of obligation, but did not consider the question presented here of whether the vendor acted in its individual capacity or as an agent. Instead, the *Anderson–Smith* court concluded that mutuality existed because a debt was "owed by both sides." 188 B.R. at 689. Neither court addressed the question of capacity raised in this case, and therefore, the Court finds these cases to be distinguishable from the circumstances here.

In sum, the Court is persuaded that the Bankruptcy Court correctly concluded that BEA was acting as an agent of both Winstar and the State of Virginia insofar as the tax refund was concerned, and therefore, mutuality of obligation does not exist between the debt owed by BEA and the claim held by BEA for which BEA requests setoff. Accordingly, the Court will affirm the November 14, 2003 Order of the Bankruptcy Court denying BEA's Motion For Relief From Stay And To Allow Exercise Of Setoff Rights and granting Winstar's request for an Order Compelling Turnover Of Estate Property Pursuant To 11 U.S.C. §§ 105, 541, 542, 543.

**III. CONCLUSION**

For the reasons discussed, the Bankruptcy Court's November 14, 2003 Order (i) Denying Motion OF BEA Systems For Relief From Stay To Effect Setoff and (ii) and Compelling Turnover Of Estate Prop-

erty Pursuant To 11 U.S.C. §§ 105, 541, 542, 543 will be affirmed.

An appropriate Order will be entered.

### FINAL ORDER

At Wilmington, this 30th day of September 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Bankruptcy Court's November 14, 2003 Order (i) Denying Motion OF BEA Systems For Relief From Stay To Effect Setoff and (ii) and Compelling Turnover Of Estate Property Pursuant To 11 U.S.C. §§ 105, 541, 542, 543 is AFFIRMED.